# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: LIPITOR ANTITRUST LITIGATION**
RP Healthcare, Inc., et al. v. Pfizer, Inc., et al.        )
N.D. California, C.A. No. 3:12-01059        )          MDL No. 2332

## TRANSFER ORDER

**Before the Panel**: Pursuant to Panel Rule 7.1, plaintiffs in this action (*RP Healthcare*) move to vacate our order conditionally transferring the action to the District of New Jersey for inclusion in MDL No. 2332.  Responding defendants oppose the motion.[1]

In opposing transfer, the *RP Healthcare* plaintiffs argue, *inter alia*, that they have brought only claims under California law, and that theirs is an individual action, whereas the centralized actions are putative class actions.  We find these arguments unpersuasive.  California law claims are already in the MDL.  And, as we have previously pointed out, "[i]t is not unusual for individual claims to proceed in an MDL with class claims, as all parties can benefit from discovery regarding a common factual core." *In re: Portfolio Recovery Assocs., LLC, Tel. Consumer Protection Act Litig.* (MDL No. 2295), Transfer Order at 1 (J.P.M.L. June 8, 2012) (doc. no.55) (citing *In re Satyam Computer Servs., Ltd., Sec. Litig.*, 712 F. Supp. 2d 1381, 1382 (J.P.M.L. 2010); *see also In re: Polyurethane Foam Antitrust Litig.*, 2011 WL 3182411, at *1 (J.P.M.L. May 19, 2011) ("The Panel . . .typically includes both individual actions and putative class actions in the same multidistrict proceeding when they arise from the same alleged antitrust conspiracy.").

After considering all argument of counsel, we find that *RP Healthcare* involves common questions of fact with actions previously transferred to MDL No. 2332, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Moreover, transfer is warranted for the reasons set out in our original order directing centralization.  In that order, we held that the District of New Jersey was an appropriate Section 1407 forum for actions "shar[ing] factual issues arising from allegations that after the generic manufacturer Ranbaxy challenged one or more of the patents covering Pfizer's highly successful Lipitor cholesterol drug, Pfizer and Ranbaxy entered into an illegal agreement to delay the entry of generic versions of Lipitor into the United States market after the expiration of patent protection for Lipitor." *In re: Lipitor Antitrust Litig.*, — F. Supp. 2d —, 2012 WL 1388900, at *1 (J.P.M.L. Apr. 20, 2012).  The

---

[1]    These defendants are  Pfizer Inc.; Pfizer Ireland Pharmaceuticals; Pfizer Manufacturing Ireland; Warner-Lambert Company, LLC; Ranbaxy Laboratories Limited; Ranbaxy Pharmaceuticals, Inc.; Ranbaxy, Inc.; Daiichi Sankyo, Inc.; CVS Caremark Corporation; and California Physicians Service, Inc. d/b/a Blue Shield of California.

- 2 -

*RP Healthcare* complaint contains essentially identical allegations. *See, e.g.*, Complaint ¶ 13 ("Facing a dramatic reduction in future revenue with the loss of exclusivity of Lipitor, Pfizer entered into an unlawful agreement with Ranbaxy to delay the entry of generic versions of Lipitor into the United States market for up to 20 months after its patents had expired.").

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Peter G. Sheridan for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil         W. Royal Furgeson, Jr.
Barbara S. Jones          Paul J. Barbadoro
Marjorie O. Rendell       Charles R. Breyer

I HEREBY CERTIFY that the above and
foregoing is a true and correct copy
of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By_____
                Deputy Clerk